UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DRUSILLA A JONES,

        Plaintiff,

  v.                                    Case No. 24-cv-1351-bhl

ASSATA HS, et al,

        Defendant.

## SCREENING ORDER

On October 22, 2024, Drusilla Jones, proceeding without an attorney, filed a complaint against a host of defendants, including both public and private entities.[1] (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Jones has not provided any of the information necessary of the Court to consider her IFP request. (ECF No. 2 at 1–4.) In response to questions on the IFP form about her employment, her monthly income, and her monthly expenses, she responded either "N/A" or simply did not respond. (*Id.* at 2–4.) She also attaches a "Bill of Costs" form that purports to show more than a hundred million dollars in costs for a case that has only just been filed. (ECF No. 2-1.) The Court cannot grant IFP without knowledge of Jones's employment, income, and monthly expenses to determine if she is unable to pay the costs of commencing this action. *See* 28 U.S.C. § 1915(a)(1), (e)(2).

---

[1] The Defendants are: Assata HS; Amtrust NA; Wesco Ins. Co.; LIRC Admin Agency; State of Wisconsin VI Division; State of Wisconsin WC Division; Spine & Joint; Accident & Injury Rehab Center, Inc.; Columbia St. Mary's Hospital Ascension; David O. Goldbeck; Orthopedic Hospital of Wisconsin, LLC; the United States; DME MKE; ABC Insurance Company; and ABC Manufacturer.

On this record, Jones has failed to submit information sufficient to grant IFP and her motion will be denied.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Jones's complaint is impossible to follow. It mainly consists of a series of short legal phrases without any understandable explanation of the factual basis for her lawsuit. At best, it appears Jones may have been injured at her desk while working for Assata High School on September 5, 2017. (ECF No. 1 at 3.) But Jones does not explain what happened to her or what

role any of the many defendants she names had in her injuries. (*Id.*) Nor does she explain why she thinks her injuries give rise to a federal claim. (*Id.*)

## ANALYSIS

Jones's allegations are insufficient to support a federal lawsuit. A complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Jones must still plead facts sufficient to put each Defendant on notice of any claims against it. She has not done so.

The only facts alleged are that, while Jones was at work, she was injured and notified her employer of the injury. (ECF No. 1 at 3.) The rest of the complaint is a laundry list of names, entities, and legal claims. (*Id.*) It is unclear what happened to result in Jones's injury, the extent of her injury, and how the Defendants were involved.

Because Jones is acting without help from a lawyer, the Court will allow her the opportunity to file an amended complaint that cures the deficiencies identified in this order. If she decides to proceed with an amended complaint, Jones should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about his situation. This means that she should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist her in relation to those events. Jones should set forth her allegations in short and plain statements, focusing on the *facts* of her case rather than abstract legal terms. She should ensure that her amended complaint can be understood by someone who is not familiar with the facts of her case. And she should name as defendants *only* those specific individuals who are involved with the facts of her case. Jones is advised that her amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

**IT IS HEREBY ORDERED** that Jones's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, if Jones wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint must be filed with the Court on or before **November 25, 2024**. If the Court does not receive Jones's amended complaint by that date, the case will be dismissed for Jones's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on October 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
